THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* PARATZE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of Municipal Ordinances.

No. 703.—Decided February 1, 1915.

CRIMINAL ACT—STATUTORY OFFENSE.—No act can be punished as a crime unless it is both prohibited and made punishable by statute.

MUNICIPAL ORDINANCE—SUNDAY CLOSING.—In this case the defendant was charged
with violating the following ordinance: "All commercial and industrial es-
tablishments the closing of which is provided for by section 553 of the Penal
Code, as amended by Act No. 24, approved March 28, 1914, may remain open
on Sundays until noon, provided only the owners thereof, persons directly
interested therein, agents and attorneys in fact duly authorized, engage in
purchases and sales and other matters of whatsoever sort or kind requiring
attention during said half day." *Held:* That said ordinance is purely per-
missive in form and not penal; that it creates no offense and defines no crime.
JUSTICE OF PEACE—JURISDICTION.—A justice of the peace has no jurisdiction of
a violation of section 553 of the Penal Code as amended by Act No. 24 of
March 28, 1914.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

*Mr. L. Yordán Dávila* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On May 18, 1914, a complaint was filed before a justice of
the peace in Ponce charging the defendant with "violation
of municipal ordinances," as follows:

"That in the month of May, 1914, at 9 a. m., and on the 'Plaza
de las Delicias' of the Municipal Judicial District of Ponce, P. R.,
the said defendant wilfully, unlawfully, maliciously and knowingly
had at said hour employees Agustín Colón and Antonio Trujillo doing
barbers' work in his barber shop, situated on the 'Plaza de las Deli-
cias,' against their will, thus violating section 1 of the municipal
ordinance approved April 22, 1914."

Section 1 of the ordinance referred to reads:

"Section 1.—All commercial and industrial establishments the
closing of which is provided for by section 553 of the Penal Code,
as amended by Act No. 24, approved March 28, 1914, may remain
open on Sundays until noon, provided only the owners thereof, per-
sons directly interested therein, agents and attorneys in fact duly
authorized, engage in purchases and sales and other matters of what-
soever sort or kind requiring attention during said half day."

Upon appeal to the district court defendant demurred to
the complaint on the ground that the facts stated therein
did not constitute a crime, in that the ordinance in question
is void in so far as it attempts to establish conditions under
which the opening of commercial and industrial establish-

ments is permitted, for want of authority upon the part of
the municipal council to legislate in this regard.

Although the *fiscal* acquiesced in the demurrer the court
overruled it, holding that the ordinance is not only not in con-
flict with the Act of March 28, 1914, amending section 553 and
re-enacting section 554 of the Penal Code, or with any other
law in force, but is, on the contrary, in perfect harmony with
both the letter and the spirit of said act.

Defendant, after excepting to this ruling, admitted facts,
the rehearsal of which herein is not necessary, showing a
violation of the conditions imposed by the municipality in
the section quoted as a limitation upon the authorization
contained therein, and the court, treating this admission as
a plea of guilty, convicted defendant of "Violation of munici-
pal ordinances," and upon that theory pronounced the judg-
ment appealed from.

Upon examination of the complaint as it stands we find
that it charges no offense. A crime, in so far as any ques-
tion involved in this case is concerned, is "an act committed
or omitted in violation of a public law forbidding or com-
manding it." No act can be punished as a crime unless
it is both prohibited and made punishable by law. The sec-
tion of the ordinance quoted, the only section of which we
have any knowledge, neither prohibits in terms nor penalizes
either the act charged in the information or any other act.
In form, it is purely permissive, not penal. It creates no
offense. It defines no crime.

No doubt, if the ordinance were invoked as a defense
to a prosecution for violation of section 553 of the Penal Code,
a case of which a justice of the peace could not take juris-
diction, defendant would have to show compliance with the
conditions, or, in order to justify his non-compliance there-
with, that such conditions were void and inoperative; but,
if convicted and punished in such a case, he would not be
so convicted and punished for failure to observe such con-
ditions but for the offense prescribed in the Penal Code;

that is, for keeping open on Sunday an establishment which the code says shall be closed unless such opening be authorized by a municipal ordinance.

In such a case, the question of the validity of the ordinance would be a pertinent and material question. But that is not this case. Under the view we take of the matter the validity of the ordinance is in nowise involved, and any expression of opinion in that regard would be pure *dictum.*

For the reasons stated the judgment of the court below must be

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf took no part in the decision of this case.